IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kristen L. Mix

Civil Action No. 10-cv-02897-KLM-DW

KIMBERLY SANDERS,

 Plaintiff,

v.

SHAMOON MOHTHESHUM,
SEESH MOHTHESHUM, and
AR FOODS, LLC, d/b/a PIZZA HUT,

 Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

 This matter is before the Court on **Defendants' Motion for Summary Judgment** [Docket No. 38; Filed September 2, 2011] (the "Motion"). The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [#24]. Plaintiff filed a Response in opposition to the Motion on September 27, 2011 [#44], and Defendants submitted a Reply on October 11, 2011 [#45]. The Court has reviewed the briefing, accompanying exhibits, and applicable law, and having been fully advised in the premises, **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

**I. Background**

 Plaintiff initiated this lawsuit on November 29, 2010 pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* [#1]. In the Second Amended Complaint, which is the governing pleading, Plaintiff brings three "Counts": 1) sexual discrimination; 2) reprisal; and

1

3) sexual harassment. *See* [#34]. The facts underlying Plaintiff's claims arise from her employment with Defendant AR Foods, LLC, doing business as Pizza Hut in Pagosa Springs, Colorado. Plaintiff contends that the Pizza Hut is owned by Defendant Seesh Mohtheshum and was managed by his brother, Defendant Shamoon Mohtheshum. Plaintiff states that Defendant Shamoon Mohtheshum "groped [her] buttocks in front of other employees, with two hands" on September 29, 2009. *Id.* at 3. This event resulted in a county misdemeanor case against Defendant Shamoon Mohtheshum after Plaintiff reported the incident to local police. Plaintiff believes that her reporting of the groping incident to the police resulted in the suspension of her employment with Pizza Hut without pay and ultimately, the termination of her employment. *Id.* at 4.

In the Motion at issue, Defendants assert that Plaintiff cannot prevail on her first two claims (sexual discrimination and reprisal) because she cannot prove that she suffered an adverse employment action. Defendants contend that the third claim (sexual harassment) fails as a matter of law, because the harassing incident in question occurred only once, and thus fails to establish the requisite hostile work environment. For the reasons stated below, the Court agrees with Defendants as to Plaintiff's third claim, but finds that genuine issues of material fact remain as to Plaintiff's claims one and two.

## II. Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine

if the evidence is such that a reasonable jury could return a verdict for the opposing party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).  A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law.  *Id.*

The movant must show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  In the context of the pending Motions, where the movants do not bear the ultimate burden of persuasion at trial, the "movant may make [his] prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. After the movant has met his initial burden, the burden shifts to the opposing party to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The opposing party must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the opposing party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 166 F.3d 869, 875 (10th Cir. 2004).

### III.  Analysis

### A.  Personal Liability

As a preliminary matter, the Court first addresses the issue of whether the individual Defendants may be held liable for the misconduct alleged by Plaintiff pursuant to Title VII. Defendants contend that Plaintiff may not bring Title VII claims against Defendants Seesh Mohtheshum and Shamoon Mohtheshum in their individual capacities, because "the Tenth Circuit does not allow for personal liability under Title VII actions."  [#38] at 17-18.  In the Second Amended Complaint, Plaintiff identifies Defendant Shamoon Mohtheshum as "an employee and/ or agent and acting manager of AR FOODS dba PIZZA HUT," and Defendant Seesh Mohtheshum as "the owner of AR FOODS, LLC., [sic] dba PIZZA HUT." [#34] at 2.  In her Prayer for Relief, Plaintiff requests certain types of injunctive relief, including a finding that the two individual Defendants engaged in a conspiracy.  *Id.* at 6-7. However, Plaintiff does not allege a claim of conspiracy, or any other state tort claim. Plaintiff seeks $500,000 from each named Defendant (including the two individual Defendants) in compensatory damages, in addition to an undefined amount of punitive damages.  *Id.* at 7.

"It is well-settled law that Title VII violations may only be asserted against an employer."  *Lanford v. Mile High Harley Davidson, LLC*, No. 05-CV-00768PS, 2005 WL 2044698 (D. Colo. Aug. 24, 2005) (citing *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("Accordingly, we continue to adhere to this court's established, pre-amendment rule that personal capacity suits against individual supervisors are inappropriate under Title

VII."); *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (same)).[1]

Thus, Plaintiff's case may proceed only against her former employer, AR Foods, LLC, doing business as Pizza Hut. Of course, Plaintiff may base her theory of recovery against her former employer on the alleged improper conduct of the individual Defendants. However, as no common law tort claims are brought against the individual Defendants, judgment shall be entered on their behalf as to Plaintiff's Title VII claims against them individually. Accordingly, the remainder of this decision applies only to Defendant AR Foods, LLC.

### B. Adverse Employment Action

The Court finds that a genuine issue of material fact exists as to whether Plaintiff suffered an adverse employment action, as related to her Counts One and Two. Count One asserts sex discrimination, and Count Two asserts unlawful retaliation ("reprisal"). Both claims require proof that Plaintiff suffered an adverse employment action. *Wheeler v. BNSF Ry. Co.*, 418 F. App'x 738, 745-46 (10th Cir. 2011) (gender discrimination); *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985-86 (10th Cir. 1996) (Title VII retaliation).

Defendants assert that Plaintiff cannot show that she was terminated or suspended from her employment at Pizza Hut after she reported the groping incident. Defendants contend that Plaintiff's deposition testimony demonstrates that she has lied under oath and in the Second Amended Complaint by stating that she was terminated from her employment. [#38] at 3-4. Plaintiff counters this argument in her Response with her own Affidavit, explaining her intention to "clarify" her deposition testimony by describing that she

---

[1] The cases cited by Plaintiff in her Response prompt no different conclusion. [#44] at 10. As stated by Plaintiff, "the employer controls the conditions of the work environment," and in this case, the employer is Defendant AR Foods, LLC.

"was not told [that she] was fired, however, [she] was told to turn in [her] keys and uniforms." *Sanders Aff.*, [#44-1] at 1. Plaintiff attested that she was informed by Pizza Hut management that she was "placed on suspension pending investigation," and further, that she "was never told by anyone from Pizza Hut that [she] could return to work." *Id.* Plaintiff understood these actions as meaning she was "fired." *Id.* In their Reply, Defendants suggest that the affidavit propounded by Plaintiff in her Response does nothing more than create a sham issue of fact. [#45] at 2.

Suspension from employment is an adverse employment action, and there is no indication that here, Plaintiff received pay while suspended. *E.g., Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998) ("Actions such as suspensions or terminations are by their nature adverse, even if subsequently withdrawn."); *Dalvit v. United Air Lines, Inc.*, No. 07-cv-00725-WDM-CBS, 2008 WL 3468703, at *9 (D. Colo. Aug. 11, 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71-72 (2006)) ("Suspension without pay: There is little doubt this could be an adverse action . . ."). Review of the briefing and exhibits demonstrates to the Court that Plaintiff's deposition testimony cited by Defendants in their Motion does not establish that she was *not* suspended; her testimony simply communicates that Defendant Seesh Mohtheshum never told her that she was suspended. *See* [#38] at 5-6. Moreover, Plaintiff's Affidavit included with her Response does not create a sham issue of fact when compared with her deposition testimony.[2] In her deposition, Plaintiff explained that her employment was not

---

[2] Nor is the Court troubled by Defendants' argument challenging the authenticity of the text message proffered by Plaintiff as direct evidence that Melissa Montoya, a manager at the Pizza Hut, informed Plaintiff of her suspension. The authenticity of the text message is corroborated by Plaintiff's Affidavit. For purposes of adjudicating the Motion at issue, the Court accepts the text

6

terminated. *Id.* at 4-5. In the Affidavit, Plaintiff states that she interpreted the suspension and collection of her uniform and keys as an indication that she was fired. [#44-1] at 1. These two statements refer to distinctly different scenarios; one in which Plaintiff's employment was explicitly terminated, and one in which Plaintiff interpreted her employment as terminated due to other actions. The Court thus concludes that a genuine issue of material fact exists as to whether Plaintiff suffered an adverse employment action. Therefore, summary judgment is inappropriate as to Plaintiff's Counts One and Two, asserting sex discrimination and reprisal, respectively.

### C. Sexual Harassment

The Court reaches the opposite conclusion concerning Plaintiff's third claim for relief alleging sexual harassment. Plaintiff's sexual harassment claim arises from the single groping incident by Defendant Shamoon Mohtheshum. Defendants aver that, as a matter of law, this "one-time, limited incident" does not create the hostile work environment necessary to prove a sexual harassment claim. The Court agrees.

To prove a claim of sexual harassment under Title VII as a matter of law, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

---

message as admissible and as supportive of Plaintiff's contention that a genuine issue of material fact exists as to whether Plaintiff was suspended from her employment with Pizza Hut. *See United States v. Hunter*, 266 F. App'x 619, 621 (9th Cir. 2008) (text messages were properly authenticated by the use of relevant testimony); *In re E.D.T. v. Tayson*, No. 09-cv-5477 (FB), 2010 WL 2265308, at *3 n.4 (E.D.N.Y. 2010) ("testimony concerning the text messages was sufficient to establish their authenticity."); *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 546 (D. Md. 2007) (recognition of Fed .R. Evid. 901 as providing for the use of circumstantial evidence in authenticating text messages or other electronically-stored information).

environment." *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (internal quotations and citations omitted). "The working environment must both subjectively and objectively be perceived as abusive." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (quotation and citation omitted). All of the circumstances of the employment must be considered, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Davis*, 142 F.3d at 1341. Notably, when evaluating whether the allegedly harassing circumstances of a workplace are sufficiently severe or pervasive, "an isolated incident of harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that sexual harassment has become a permanent feature of the employment relationship." *McPherson v. HCA-HealthOne, LLC*, 202 F. Supp. 2d 1156, 1172 (D. Colo. 2002). However, "a single incident of physically threatening conduct can . . . be sufficient to create an abusive environment," if sufficiently severe. *See McPherson*, 202 F. Supp. 2d at 1172 (citing *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1072 (10th Cir. 1998)); *see also Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1243-44 (10th Cir. 2001) (finding that a single incident was "objectively abusive, dangerous, and humiliating," so as to constitute actionable sexual harassment).

Here, the complained-of conduct was a single incident, thus not pervasive, in terms of frequency. However, the Court must evaluate whether, as a matter of law, the single incident was severe enough to nonetheless constitute an actionable claim of sexual harassment. Plaintiff asserts that the deciding factor here is that the harassing conduct "was a criminal act that was prosecuted," and alleged additional incidents against other employees demonstrate the existence of a hostile work environment. [#44] at 9. The Court

finds the Ninth Circuit's evaluation in *Brooks v. City of San Mateo* informative to the present analysis.

In *Brooks*, the plaintiff claimed that another employee of the defendant municipality touched her inappropriately on her stomach and breast. 229 F.3d at 924. The perpetrator employee was charged with misdemeanor sexual assault and spent 120 days in jail. *Id.* at 922. After the incident, previous misconduct by the same perpetrator employee against other employees was revealed. *Id.* The Ninth Circuit held that a reasonable woman in the position of the plaintiff would not have considered the terms and conditions of her employment altered by the perpetrator's actions, because the harassment occurred "on a single occasion for a matter of minutes in a way that did not impair her ability to do her job in the long-term," particularly in light of the fact that the municipal defendant removed the perpetrator from the workplace. *Id.* at 926.

Similarly, the groping incident at issue in this matter occurred in a matter of minutes; Plaintiff reported the incident and the alleged perpetrator, Defendant Shamoon Mohtheshum, was removed from the workplace (albeit presumably by local police, as opposed to an agent of the Pizza Hut); a criminal statutory protective order was imposed against Defendant Shamoon Mohtheshum prohibiting him from coming near Plaintiff or the Pizza Hut [#38-3]; and Plaintiff subsequently "heard what had happened to other employees" [#44-1]. Like the Ninth Circuit's determination as to the *Brooks* plaintiff, this Court concludes that a reasonable woman in Plaintiff's position would not have believed that the terms and conditions of her employment had been altered due to the limited nature of the single event as well as the imposition of a criminal protective order against the alleged perpetrator. In terms of a sexual harassment claim, the groping incident, although

reprehensible, did not constitute "harassment [that] affect[ed] a term, condition, or privilege of employment within the meaning of Title VII." 229 F.3d at 927 (citing *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986)). *See also Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990 (8th Cir. 2003) (single incident of a co-worker's squeezing of employee's buttocks, and subsequent "joke" about such conduct, did not rise to level of severe or pervasive conduct); *Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 528-29, 534 (7th Cir. 1993) (limited unwelcome sexual advances by a supervisor including rubbing and kissing was not pervasive harassment); *Flowers v. Fed. Express Corp.*, No. 06-cv-01010-WYD-KLM, 2008 WL 185699 (D. Colo. Jan. 18, 2008) (incidents of one employee pressing up against the backside and squeezing the thigh of another employee did not constitute a hostile work environment); *cf. Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 136 (2d Cir. 2001) ("We have no doubt a single incident of rape" can satisfy the requirement that the harassment be sufficiently severe or pervasive to alter the conditions of employment), *cert. denied*, 537 U.S. 824 (2002); *Al-Dabbagh v. Greenpeace, Inc.*, 873 F. Supp. 1105, 1108, 1111 (N.D. Ill. 1994) (single incident was sufficiently severe where the perpetrator co-employee "slapped [plaintiff], tore off her shirt, beat her, hit her one the head with a radio, choked her with a phone cord and ultimately forced her to have sex with him"). Therefore, the Court concludes that no genuine issue of material fact exists regarding the third claim asserting sexual harassment, and summary judgment in favor of Defendant AR Foods, LLC is appropriate as to Plaintiff's Count Three.

### IV. Conclusion

IT IS HEREBY **ORDERED** that Defendants' Motion for Summary Judgment [#38] is **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER **ORDERED** that judgment is entered in favor of Defendants Seesh Mohtheshum and Shamoon Mohtheshum individually and against Plaintiff, and these two individual Defendants are **DISMISSED WITH PREJUDICE** from this action;

IT IS FURTHER **ORDERED** that judgment is entered in favor of Defendant AR Foods, LLC, dba Pizza Hut and against Plaintiff as to Plaintiff's Count Three; and

IT IS FURTHER **ORDERED** that Plaintiff's Counts One and Two survive Defendants' Motion and shall proceed in litigation against Defendant AR Foods, LLC, dba Pizza Hut.

Dated: December 19, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge